## MARIA THOREAU & another *vs.* ELIZA PALLIES.

In an action for trespass to real estate, in which the defence is a denial of the plaintiff's title and a claim of title in the defendant, either alone or with others, an award of an arbitrator to whom the case had been referred, finding that the plaintiff has shown a title sufficient to support the action, and that the defendant has not shown a title equal to that of the plaintiff, or which would justify the acts done by him, and assessing damages in favor of the plaintiff, is valid; it not appearing that the defendant introduced evidence to justify his acts under the title of other persons.

Under a submission of an action to an arbitrator, with an agreement that he may pass upon all questions of costs, an award fixing the amount of costs in gross is *prima facie* valid.

TORT for a trespass to real estate. The answer, amongst other things, justified the acts done on the ground that the defendant was the owner of the premises, either alone or with others, not including the plaintiffs.

After the former decision in this case, reported in 1 Allen, 425, it was agreed to refer the case to an arbitrator, and that he might pass upon all questions of costs. The arbitrator awarded " that the plaintiffs recover of the defendant one dollar, damages, their costs of reference, taxed at one hundred and five dollars, (including the compensation of referee), and their costs of court, to be taxed by the court. Compensation of referee, $75.00."

Upon the defendant's motion this award was recommitted, in order that the grounds on which it was made might be stated; and the arbitrator further reported " that the close described in the plaintiffs' declaration embraced a small yard adjoining the lot of land on which the plaintiffs' dwelling-house stands; that the plaintiffs, as the defendant well knew, had been in the open and peaceable possession of said yard for eleven years, claiming title thereto in fee, when the defendant dug holes in the soil of said yard, inserted posts therein, and attached to said posts a board screen, within two feet of said house; and that the defendant did not show a title to the yard, equal to the title aforesaid of the plaintiffs, or which would justify the aforesaid acts done by her. And upon this ground, the foregoing award was made. The other questions raised were not passed upon."

The defendant thereupon objected to the acceptance of the

award on the ground that the arbitrator had not passed upon all the issues raised by the pleadings, and submitted to him, and because it did not appear what other costs of reference were included therein ; but the objection was overruled in the superior court, and judgment ordered for the plaintiffs on the award. The defendant appealed to this court.

*N. Morse*, for the defendant.

*E. Bangs*, for the plaintiffs, was not called upon.

BIGELOW, C. J.* The objections to the award are not tenable. The arbitrator has found that the alleged tortious acts of the defendant were done on premises to which the plaintiffs had the elder and therefore the better title ; and that the defendant showed no title " which would justify the aforesaid acts done by her." This was a finding within the issue raised by the pleadings, and is decisive of the liability of the defendant in this action. It was not necessary for him to go further, and find whether other persons had title to the premises which would afford a justification for the alleged trespass, unless some evidence of such title was offered by the defendant as one ground of her defence. But it does not appear that any such evidence was offered. For aught that we can know, the defendant's justification rested solely on her claim of title in herself, and no proof of any other justification was offered before the arbitrator. If any presumption is to be made on the subject, it must be in support of the award, and that the defendant failed to show any defence to the action, either under title in herself or in other persons.

It is immaterial that the items of costs included in the costs of reference are not stated, inasmuch as it does not appear that any charges were improperly included among them.

*Judgment on the award.*

* HOAR, J. did not sit in this case.